FRANCIS TARBELL, Respondent, *v.* OGDENSBURG BRIDGE AND PORT AUTHORITY, Appellant.

Third Department, July 13, 1965.

448

*Edmund L. Shea* for appellant.

*Arthur Hart* for respondent.

TAYLOR, J. Defendant, Ogdensburg Bridge and Port Authority, appeals from an order of the Supreme Court at Special Term denying its motion to dismiss the complaint for its failure to allege compliance with section 50-e of the General Municipal Law.

Plaintiff alleges that he was injured on October 8, 1959 as a result of the negligence of the Ogdensburg Bridge Authority, a public benefit corporation, created by the Legislature for the purpose, among others, of constructing a bridge across the St. Lawrence River connecting the City of Ogdensburg with a point in the Province of Ontario, Canada. (Public Authorities Law, §§ 700–717, as added by L. 1950, ch. 773, § 1, eff. April 18, 1950.) This act contained no requirement for the filing of a claim as a condition precedent to the commencement of an action in tort. In 1958 the Legislature erected the Ogdensburg Port Authority, also a public benefit corporation, for the purpose of developing and operating the port facilities in a port district embracing the City of Ogdensburg and nearby areas. (Public Authorities Law, §§ 1375–1399, as added by L. 1958, ch. 647, § 1, eff. April 11, 1958.) In an action against this Authority founded on tort the creating act required the service of a notice of claim as a condition precedent to its commencement and stated that " the provisions of section fifty-e of the general municipal law shall apply." (Public Authorities Law, § 1397.)

Subsequent to the date of plaintiff's accident the Legislature abolished the Port Authority as such, transferred its functions and powers to the Bridge Authority which it reconstituted as the Ogdensburg Bridge and Port Authority, preserving in the single entity all of the applicable statutory provisions relating to the activities of the two former Authorities and providing that in the event of inconsistencies the provisions of the Bridge Authority act would take precedence over those of the Port Authority act. (Public Authorities Law, §§ 725–734, as added by L. 1960, ch. 1071, § 1, eff. April 1, 1960.) The merging act provided that "No existing right or remedy of any character shall be lost, or otherwise affected by reason of the enactment of this title" (Public Authorities Law, § 732) and was silent as to the necessity for compliance with section 50-e.

Between the date of the injury and April 1, 1960 it is conceded that respondent could have pursued his action in tort under the Bridge Authority act without the service of a prior notice of claim and that an allegation of compliance with the notice provision contained in the Port Authority act was not then an essential element of a good complaint against the Bridge Authority. Appellant argues that the benefit of the latter act's requirement accrued to the reconstituted Bridge and Port Authority through the merger (Public Authorities Law, § 734) with the consequent annihilation of plaintiff's right to prosecute the action. As before noted the successor Authority was not established until more than 90 days after the claim arose. Obviously, no opportunity was afforded to plaintiff to serve a claim within the time allowed by statute. (General Municipal Law, § 50-e, subd. 1.)

In the circumstances of this case we think that the Legislature intended by the saving clause of the 1960 act (Public Authorities Law, § 732) to preserve plaintiff's right to sue without compliance with section 50-e of the General Municipal Law and that Special Term correctly so held. Whether the same result would obtain as to an action founded upon a tort arising after the effective date of the act which merged the prior autonomous public Authorities we need not and do not now determine.

The order should be affirmed.

GIBSON, P. J., HERLIHY, AULISI and HAMM, JJ., concur.

Order affirmed, with costs.